UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BONITA POWELL, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:14-CV-37-TLS |
| CLOTHES MENTOR | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On February 14, 2014, Bonita Powell, proceeding *pro se*, submitted a Complaint [ECF No. 1], and a Motion requesting leave to proceed *in forma pauperis* [ECF No. 2]. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review an *in forma pauperis* case and dismiss it if "at any time . . . the court determines that" the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is "plausible on its face." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation marks omitted).

In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). If a court dismisses a case pursuant to § 1915(e), the court must generally give a *pro se* plaintiff the

opportunity to amend. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013) ("District courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to feepaying plaintiffs."). A court need not afford a plaintiff opportunity to amend, however, where "the defect is clearly incurable." *Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir. 2001) (quotation marks omitted).

The Plaintiff filed a form Complaint and checked the boxes for relief under The Age Discrimination in Employment Act and the Americans with Disabilities Act. The facts offered in support of the Complaint are as follows: "The same day I filled out the application at Plato's closet I filled one at Clothes Mentor said was hiring regular customer race [*illegible*] foot brace just think if shoe was on other foot don't feel good at all." [Compl. 3, ECF No. 1]. The previous quotation is the exact allegation, without modification. Despite the boxes checked in the Complaint, the Plaintiff also attached a "Charge of Discrimination" against Clothes Mentor apparently filed with the City of Fort Wayne Metro Human Relations Commission and another document filed against Clothes Mentor with the U.S. Equal Employment Opportunity Commission ("EEOC"). Both of these attached documents indicate that the allegation against Clothes Mentor is discrimination on the basis of race. The EEOC document notes that the EEOC must issue a Notice of Right to Sue before the Plaintiff may file a private suit. No such notice is attached to the Plaintiff's Complaint.

While the Plaintiff's Complaint and attached documents create a lack of clarity regarding the nature of the allegations, a couple simple things are clear. First, the Plaintiff has not attached a Notice of Right to Sue from the EEOC or its local counterpart. The requirement of such a notice is stated in the EEOC document attached to the Complaint and such a notice is also

required by statute. 42 U.S.C. § 2000e-5(f)(1). Absent the required notice, the Plaintiff is not permitted to sue and the case should be dismissed.

Even if the Plaintiff had the required notice, however, this Court would dismiss her case for failure to state a claim upon which relief may be granted. The Plaintiff must plead factual content that allows a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Even construed liberally, the Plaintiff's very brief factual allegations do not meet that standard. In fact, it is quite difficult to understand what the Plaintiff is even alleging. The documentation provided does not make it clear whether she is claiming age discrimination, discrimination due to a disability, or racial discrimination. Regardless, her factual statements fail to state a claim on any of these grounds and the Court will dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Due to the lack of a notice of right to sue and for failure to state a claim on which relief can be granted, the Court DENIES the Plaintiff's in forma pauperis petition [ECF No. 2] and DISMISSES the Plaintiff's Complaint [ECF No. 1] WITHOUT PREJUDICE.

SO ORDERED on April 3, 2014.

                                                  s/ Theresa L. Springmann  
                                                  THERESA L. SPRINGMANN  
                                                  UNITED STATES DISTRICT COURT